**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JOSHUA JACOBS** **PLAINTIFF**

**VS.** **No. 4:25-cv-01314 JM/PSH**

**FRANK BISIGNANO, Commissioner,**
**Social Security Administration** **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Joshua Jacobs ("Jacobs") appeals the final decision of the Commissioner of the Social Security Administration (defendant "Bisignano") to deny his claim for Supplemental Security Income ("SSI") and Disability Insurance

Benefits ("DIB"). Jacobs sets forth his sole assertion for relief as follows: The Administrative Law Judge ("ALJ") erred as a matter of law by omitting the state agency psychological consultants' qualitative limitations that his interpersonal contact be "incidental to work performed" and that "supervision required is simple, direct and concrete," despite expressly finding those opinions partially persuasive, and by conflating those qualitative limitations with a quantitative limitation to occasional interaction. Doc. No. 8 at 2.

Bisignano contends substantial evidence supports the ALJ's decision that Jacobs was not disabled during the relevant period. This statement is correct, and it is recommended that the ALJ's decision be affirmed and the case dismissed.

The parties ably summarized the medical records and the testimony given at the telephonic administrative hearing, which was conducted on February 13, 2025. (Tr. 36-68). The ALJ's decision was issued on February 28, 2025. (Tr. 16-28). The Court has carefully reviewed the record to determine whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g). The relevant period under consideration is from September 1, 2021, the alleged onset date, through February 28, 2025, the date of the ALJ's decision.

*The Administrative Hearing:*

The entire administrative hearing need not be summarized. In pertinent part, the ALJ questioned the vocational expert, Iric Saldivar ("Saldivar"), asking him to consider a hypothetical worker of Jacobs' age, education, and experience, who could perform light work with numerous physical restrictions and the following mental limitations: can understand, remember, and carry out simple instructions, but not work performed in a production rate environment such as assembly line work; can make only simple work-related decisions and deal with only occasional changes in a routine work setting; and can have occasional interaction with supervisors, co-workers, and the general public. (Tr. 63). Saldivar testified that such a hypothetical worker could not perform Jacobs' past relevant work as a material handler but could perform the jobs of price marker, office helper, and garment sorter.

The ALJ posed a second hypothetical question to Saldivar, altering the exertional level from light to sedentary. Saldivar stated the hypothetical worker could perform the jobs of document preparer, addresser, and table worker.

If the hypothetical question limited the worker to standing and walking for one hour, sitting for six hours, with a need to lie down for one hour, no jobs would be available to such a worker. Also, no jobs would be available if the worker could

be on task for only 80% of the day, miss two days a month, and require two or more additional 15-minute breaks a day. (Tr. 63-67).

*The ALJ's Decision*

In his February 28, 2025, decision, the ALJ determined Jacobs' mental RFC mirrored the parameters set forth in the initial hypothetical question posed to Saldivar. The ALJ addressed the opinions of the state agency psychological consultants[1]:

> At both the initial and reconsideration levels, the State agency psychological consultant determined the claimant had mild limitations in his ability to understand, remember, or apply information; moderate limitations in his ability to interact with others; moderate limitations in his ability to concentrate, persist, or maintain pace; and mild limitations in his ability to adapt or manage himself. [citations omitted]. The undersigned found these assessments partially persuasive. While the agency consultants supported their assessments with references to the claimant's treatment record, the undersigned determined the record supported moderate limitations in the claimant's ability to understand, remember, or apply information and moderate limitations in his ability to adapt or manage himself, which is more consistent with the claimant's allegations on his functions reports and hearing testimony wherein he state he was physically dependent on his ex-wife for most personal care and daily living activities.

(Tr. 25). In short, the ALJ found Jacobs more limited than the state agency

[1] The state agency consultants were Kay Cogbill, M.D., ("Cogbill"), and Jennifer Weber Williams, Ph.D. ("Williams"). They both found Jacobs could perform jobs "where interpersonal contact is incidental to work performed . . . complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete." (Tr. 73, 110).

consultants. The ALJ's assessments were reflected in his discussion of the "paragraph B" criteria, when he found Jacobs moderately limited in all four of the broad areas of functioning. (Tr. 20).

*Analysis*

Although Jacobs presents his claim as a single issue it will be addressed as two arguments.

First, Jacobs contends the ALJ erred as a matter of law in omitting certain limitations found by the state agency consultants from the RFC. Specifically, the state agency consultants found Jacobs was limited to work where his interpersonal contact was "incidental to the work performed" and where "supervision required is simple, direct and concrete."

Citing *Burns v. Saul*, 2020 WL 13548685 (N.D. Iowa, Jan. 10, 2020), Jacobs argues that an ALJ may omit a limitation in a medical opinion only if the ALJ explains why the limitation "cannot reasonably be accepted as consistent with the medical and other evidence." The undersigned agrees with the precedent cited in *Burns* – the ALJ must explain his assessment of the medical opinion. He did so. At a minimum the ALJ must address each opinion's supportability and consistency. 20 C.F.R. § 416.920c(a), (c). Supportability is whether the opinion is supported by objective medical evidence and by the source's own explanation of the opinion.

Consistency is whether the opinion is consistent with the other medical evidence in the record. 20 C.F.R. § 416.920c(c). As quoted above, the ALJ considered the state agency consultants' reports and concluded that they were partially persuasive. The ALJ addressed both supportability and consistency in his decision. He complied with the requirements of the regulations and the case law. Having done so, he was not obligated to include the precise limitations from opinions which he deemed partially persuasive.

Jacobs also cites *Johnson v. Comm'r of Soc. Sec.*, 2018 WL 4489858 (N.D. Iowa, Sept. 19, 2018). Remand was warranted in *Johnson* because the ALJ omitted a limitation from a state agency consultant without explanation where the ALJ had given "great weight" to the consultant's opinion. There are two reasons why *Johnson* does not prevail. First, as discussed above and unlike in *Johnson*, the ALJ in this case explained his assessment of the opinions of state agency consultants. Second, the ALJ here did not accord the opinions "great weight." Instead, he found the opinions only partially persuasive.

In evaluating the first part of Jacobs' claim, the undersigned finds no error occurred. The ALJ was not obligated to adopt the exact limitations listed in the opinions which he deemed partially persuasive. *See McKinley v. O'Malley*, 2024 WL 1327965 (8th Cir. Mar. 28, 2024) (unpublished). And the ALJ's analysis of the

opinions and his reasons for treating them as he did was appropriate.[2]

Jacob's second claim is that the ALJ erred in finding him capable of occasional[3] interaction with supervisors, co-workers, and the general public when the state agency consultants found he could work where interpersonal contact is incidental to the work performed and the supervision was simple, direct, and concrete.

Again, the RFC need not mirror the findings of any one physician, as the ALJ is not bound to choose any one physician and adopt his/her findings as the appropriate RFC. Instead, it "is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

Here, the ALJ found the opinions of Cogbill and Williams partially persuasive. It does not follow that the ALJ was obligated to adopt their findings verbatim. "The ALJ is not required to adopt verbatim the findings of doctors that he determines to be persuasive, so long as substantial evidence in the record as a whole supports his

---

[2] Having found no error in the formulation of the RFC, it follows that the ALJ did not err in relying upon the expert testimony of Saldivar which was based on that assessment. *See Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

[3] The parties agree that "occasional" is defined as "very little up to one-third of the time." SSR 85-15.

decision. *See McKinney v. O'Malley*, No. 23-3220, 2024 WL 1327965 (8th Cir. Mar. 28, 2024); *Lane v. O'Malley, No. 23-1432*, 2024 WL 302395 (8th Cir. Jan. 26, 2024)." *Norris v. Bisignano*, No. 4:25-CV-00511-DPM-JJV, 2025 WL 3216317, at *4 (E.D. Ark. Nov. 18, 2025), *report and recommendation adopted sub nom. Norris v. Soc. Sec. Admin., Comm'r*, No. 4:25-CV-511-DPM, 2025 WL 3532617 (E.D. Ark. Dec. 9, 2025). The state experts found mild to moderate limitations on Jacobs' interpersonal dealings; the ALJ agreed, in part, imposing interpersonal limitations. And the ALJ adequately explained why he imposed the limitations that he chose. *See also Lane v. O'Malley*, 2024 WL 302395 (8th Cir. Jan. 26, 2024) (affirming RFC determination where ALJ limited claimant to "occasional" interaction and state experts found claimant capable of "superficial" interaction, describing the conflict between the quoted words as a "manufactured" inconsistency).

Finally, Jacobs faults the ALJ for limiting him to occasional interaction with supervisors, co-workers, and the general public when the state agency consultants found he was capable of work where supervision was simple, direct, and concrete. Jacobs contends the ALJ's limitation was only on the *quantity* of supervision while the state agency consultants limited the *quality* of supervision. The undersigned is not persuaded that this is reversible error. In addition to the previous discussion about the ALJ's duty to formulate the RFC based upon "all relevant evidence," the RFC contained other limitations (i.e., simple instructions, simple work-related

decisions) which necessarily suggests the nature of the supervision of such jobs.

Jacobs draws a taut connection between each limitation of the state experts and each restriction in the RFC. But there is some slack in that line, even when the ALJ deems the experts' opinion fully persuasive. Even more so when, as here, the ALJ determined the opinions were partially persuasive.

*Conclusion*

In summary, substantial evidence supports the determinations reached by the ALJ. The Court is mindful that its task is not to review the record and arrive at an independent decision, nor is it to reverse if some evidence supports a different conclusion. The test is whether substantial evidence supports the ALJ's decision. *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). This test is amply satisfied in this case.

Therefore, it is recommended that the final decision of Bisignano be affirmed and Jacobs' complaint be dismissed with prejudice.

IT IS SO ORDERED this 30th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE